IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

DEEPU MOHAN,
*Petitioner*,
v.

NEY HIDALGO, *et al.*,
*Respondent.*

1:26-cv-02477-MSN-LRV

**ORDER**

Petitioner Deepu Mohan ("Petitioner") has filed a three-count Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE"). ECF 8. Specifically, Petitioner argues that the Department of Homeland Security's ("DHS") decision to revoke Petitioner's release on an Order of Recognizance ("OREC") is inconsistent with DHS's regulations thus violating the *Accardi* doctrine (Count I), his right to substantive and procedural due process under the Fifth Amendment (Count II), and his Eighth Amendment right against cruel and unusual punishment (Count III). Petitioner "seeks an order from this Court declaring his continued detention unlawful and ordering Respondents to release him and restore the terms of his prior OREC, barring future re-detention absent a legally sufficient determination by the Government that there has been a material change in circumstances since it initially released him from custody in September 2025." *Id.* at 3-4.

Petitioner is currently detained at the Caroline Detention Facility in Bowling Green, Virginia. ECF 8 ¶ 1. Federal Respondents oppose the Petition, ECF 11, and Petitioner has filed a Reply, ECF 13. For the reasons that follow, the Court concludes that Federal Respondents'

revocation of Petitioner's OREC violated Petitioner's procedural due process rights. The Court will therefore grant his petition as to Count Two.[1]

## I. BACKGROUND

Petitioner is a citizen of India. ECF 8 ¶ 5. He lawfully entered the United States as a nonimmigrant visitor in August 2019 and has continuously resided in the United States since his initial entry. *Id.* ¶ 24. In August 2025, Petitioner met his now ex-wife. *Id.* ¶ 25. They married on September 12, 2025. *Id.* Soon after marrying, Petitioner's wife became abusive and repeatedly threatened to "get [Petitioner] in trouble with ICE." *Id.* On October 7, 2025, Petitioner's wife sought to annul the marriage, but the D.C. Superior Court declined to do so, and instead issued a divorce decree upon the parties' request. *Id.* On December 1, 2025, Petitioner filed a visa self-petition with DHS as a victim of spousal abuse. *Id.* ¶ 26. DHS made a prima facie determination on that petition on May 20, 2026. *Id.*

On August 30, 2025, Petitioner was driving in Washington, D.C., when armed ICE officers stopped his car. *Id.* ¶ 27. Petitioner fainted from fear during this encounter and regained consciousness in an emergency room. *Id.* ICE then issued him a Notice to Appear for removal proceedings. *Id.* On September 1, 2025, ICE issued him a Form I-220A OREC. *Id.* The OREC stated that "[i]n accordance with Section 236 of the [INA] and the applicable provisions of Title 8 of the Code of Federal Regulations, you are being released on your own recognizance" subject to certain conditions. ECF 6-2 at 13. Following his release, Petitioner complied with the conditions of his OREC. ECF 8 ¶ 28.

On June 11, 2026, Petitioner reported to the ICE office in Chantilly, Virginia, after he received a "call in letter." *Id.* ¶ 29. Petitioner was arrested at that time and told he was being

[1] Because the Court grants relief on Petitioner's Procedural Due Process claim, it need not address Petitioner's other claims.

detained. *Id.* Petitioner overheard an ICE agent state that he was being detained because his ex-wife had made a complaint against him. *Id.* Petitioner, however, received no documentation from ICE explaining why his prior release was being revoked or who had made the decision to revoke it. *Id.* Petitioner was issued a new Notice to Appear placing him in removal proceedings before an IJ for overstaying his visa. *Id.*

Once detained, Petitioner sought a bond hearing before an IJ. *Id.* ¶ 30. Federal respondents, conceding that "Petitioner is detained pursuant to 8 U.S.C. § 1226(a)," ECF 11 at 1, provided such a hearing on June 24, 2026, *id.* The IJ denied Petitioner bond. ECF 8 ¶ 30. The IJ found that Petitioner posed a danger to the community based on information pre-dating ICE's previous release of Petitioner and the complaint against Petitioner lodged by his ex-wife. *Id.* The IJ did not, however, address the revocation of Petitioner's OREC. *Id.* Petitioner has since been detained at the Caroline Detention Facility. *Id.* ¶ 1.

On August 10, 2026, Petitioner filed the instant Petition. ECF 8.

## II. ANALYSIS

As Federal Respondents concede, "there is no dispute that Petitioner is detained pursuant to 8 U.S.C. § 1226(a)" and thus entitled to a bond hearing. ECF 11 at 1. The central question posed by this Petition, therefore, is whether the revocation of Petitioner's OREC violated Petitioner's right to due process.

### A. Jurisdiction

Federal Respondents first contend that this Court lacks jurisdiction to review the Petition. ECF 11 at 3-5. The Court disagrees.

Under 28 U.S.C. § 2241(c)(3), a district court may grant a writ of habeas corpus to any person who demonstrates that he is "in custody in violation of the Constitution or laws or treaties of the United States." The writ of habeas corpus has traditionally "served as a means of reviewing

the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). As this Court has repeatedly observed, habeas is "regularly invoked on behalf of noncitizens." *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *3 (E.D. Va. Sept. 30, 2025) (quoting *Hasan v. Crawford*, No. 1:25-cv-1408 (LMB/IDD), 2025 WL 2682255, at *3 (E.D. Va. Sept. 19, 2025)).

Federal Respondents nevertheless argue that 8 U.S.C. § 1252(a)(2)(B) strips this Court of jurisdiction to consider Petitioner's claims. ECF 11 at 3-5. Section 1252(a)(2)(B) provides that "no court shall have jurisdiction to review . . . any other decision or action" of the relevant agency that is "in the discretion" of the agency. 8 U.S.C. § 1252(a)(2)(B). Petitioner does not challenge the discretionary decision to revoke his OREC. Petitioner instead "challenges the *extent* of the Government's authority to [re]detain him." *Restrepo v. Jamison*, 823 F. Supp. 3d 529, 540 (E.D. Pa. 2026). 8 U.S.C. § 1252(a)(2)(B) does not bar the Court from hearing such a claim. *See, e.g.*, *Kashranov v. Jamison*, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Diallo v. Lowe*, 2026 WL 596731 (M.D. Pa. Mar. 3, 2026).

**B. The Legality of Petitioner's Detention**

Although Federal Respondents may "revoke" an OREC "at any time," 8 U.S.C. § 1226(b), "courts have held that rearrest must comply with constitutional constraints and generally requires a change in circumstances," *Chub v. U.S. Att'y Gen.*, 2026 WL 1875869, at *3 (E.D. Cal. June 30, 2026). "Once noncitizens," such as Petitioner, "enter the country, even unlawfully, they are entitled to due process protections, and the Due Process Clause generally requires some form of hearing before the government deprives a person of liberty." *Id.* (citing *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001)). To determine what process the Fifth Amendment requires, the Court "looks to the three-part test outlined in *Matthews v. Eldridge*, 424 U.S. 319, 335 (1976)." *Santos Garcia*

*v. Garland*, 2022 WL 989019, at *8 (E.D. Va. Mar. 31, 2022). That test requires the Court to weigh three factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probative value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.*

Once ICE exercises its discretion under 8 U.S.C. § 1226(a) to "release a noncitizen pending removal proceedings, . . . that individual has a protected liberty interest in remaining out of custody." *Chub*, 2026 WL 1875869, at *4. There is a substantial likelihood that, by allowing DHS to arbitrarily revoke Petitioner's OREC and detain him without any individualized findings or an opportunity to be heard, Petitioner will be erroneously deprived of liberty. *Cf. Quispe-Ardiles*, 2025 WL 2783800, at *9 (finding revocation of bond without a hearing violated petitioner's procedural due process). DHS already has additional procedural safeguards that it could have employed to avoid an erroneous deprivation of liberty, namely a hearing before an IJ to determine whether the revocation was proper. And finally, as in *Quispe-Ardiles*, the Court discerns no significant governmental interest in continuing to hold Petitioner without bond. *See id.* at *10. Given the significant liberty interest at stake, the high risk of erroneous deprivation, and the lack of government interest in his detention, the Court concludes that Federal Respondents' revocation of Petitioner's OREC without notice or an opportunity to be heard and Petitioner's resulting detention plainly violates Petitioner's right to procedural due process.

Because Petitioner's continued detention violates his right to due process, he is entitled to immediate release. *Cf. Chaudhari v. Crawford*, 1:25-cv-01772-LMB-IDD, ECF 12 at 7–8 (E.D. Va. Oct. 23, 2025) (determining that petitioner's detention is unlawful and requiring release where DHS revoked petitioner's bond without justification).

## III. CONCLUSION

Accordingly, for the foregoing reasons, it is hereby

ORDERED that the Petition (ECF 8) is GRANTED; it is further

ORDERED that Federal Respondents immediately release Petitioner with all his personal property; and it is further

ORDERED that Petitioner's Order of Release on Recognizance is RESTORED immediately and may not be revoked unless done so based on a material change in circumstances and Petitioner is given the opportunity to contest those conditions before an IJ; and it is further

ORDERED that Respondents and any of Respondents' officers, agents, servants, employees, and attorneys, as well as other person acting in concert, are ENJOINED from re-detaining Petitioner except upon a showing of sufficient changed circumstances with respect to the prospects for removal to a qualifying consenting country. It is further

ORDERED that Petitioner's Motion to Seal Habeas Petition and Exhibits is GRANTED.

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

/s/
Michael S. Nachmanoff
United States District Judge

August 27, 2026